UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEREMY SCOTT RICHARDS,

        Plaintiff,

vs.                                  CIVIL ACTION NO. 1:13cv129

TROOPER MOHR, JAMES, BONAZZA,
SPEECE, JOHN DOE #1, SHERIFF, JOHN DOE #2,
SHERIFF, SHERIFF, and STATE POLICE,

        Defendants.

## OPINION/ ORDER GRANTING IFP and
## REPORT AND RECOMMENDATION
## TO DISMISS CASE WITHOUT PREJUDICE

On April 29, 2013, Plaintiff, pro se, filed a Complaint in this Court [DE 1]. He named as Defendants, "Trooper Mohr, James, Bonazza, John Doe – Sheriff, John Doe #2 - Sheriff, Sheriff, and State Police"). Plaintiff also filed an "Application to Proceed Without Prepayment of Fees and Affidavit" [DE 2]. That same date the Clerk issued and sent to Plaintiff a "Notice of General Guidelines for Appearing Pro Se in Federal Court" [DE 3] and a "Notice of Deficient Pleading" [DE 4]. The Notice of General Guidelines expressly states that the pro se party must "[k]eep the Court . . . advised of your most current address at all times. Failure to do so may result in your action being dismissed without prejudice." The Notice of Deficient Pleading advised Plaintiff that he must, within 21 days, provide the complete names of all defendants/respondents, or as much of the names as is known, and a complete address for each. The Notices were mailed to Plaintiff on April 29, 2013 by Certified Mail, Return Receipt Requested.

The Notice of Deficient Pleading expressly advised Plaintiff:

If the Plaintiff/Petitioner fails to file the items indicated by "X" within 21 days from the date of this notice, the court will dismiss this case for failure to prosecute. Fed. R. Civ. P. 41(b).

The case was referred to the undersigned United States Magistrate Judge by United States District Judge Irene M. Keeley [D.E. 5]. The Court sent a copy of that Order to Plaintiff, also by Certified Mail, on April 30, 2013.

Plaintiff was therefore required to correct the deficiencies addressed in the Notice of Deficient Pleading on or before May 23, 2013. He failed to do so. Instead, on May 28, 2013, the Court received notification that all three pieces of mail it had sent to Plaintiff had been returned stamped: "RETURN TO SENDER     UNCLAIMED     UNABLE TO FORWARD." Stamps on the envelopes indicate the U.S. Postal Service attempted to deliver the first item on May 2nd and May 7th, and the second on May 3rd, May 8th, and May 18th.

On May 28, 2013, the clerk received a phone call from Plaintiff, requesting the Orders be re-sent to him, explaining that "he was away from home and missed picking up his certified mail." The clerk re-mailed the items via certified mail.

On June 3, 2013, the Court received the Return Receipt for all three items, indicating Plaintiff received and signed for them on May 31, 2013. [DE 8].

Even using May 31, 2013, as the starting date, again, Plaintiff had 21 days (or until June 21, 2013) to comply with the Notice of Deficient Pleading. As of today's date, June 25, 2013, Plaintiff has not provided as directed the complete names and addresses of the defendants, so that summonses may be issued. The Notice of Deficient Pleading expressly states:

> If the Plaintiff/Petitioner fails to file the items indicated by "X" within 21 days from the date of this notice, the court will dismiss this case for failure to prosecute. Fed. R. Civ. P. 41(b).

(Emphasis added).

Upon consideration of all which, the undersigned United States Magistrate **GRANTS** Plaintiff's Motion to Proceed Without Prepayment of Fees [DE 2], but **RECOMMENDS** his **COMPLAINT be DISMISSED without prejudice** for failure to prosecute.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Plaintiff at his last shown address by Certified United States Mail, Return Receipt Requested.

DATED:    July 2, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE