```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JEREMY SCOTT RICHARDS,**

    **Plaintiff,**

**v.**     //     CIVIL ACTION NO. 1:13CV129
                                  (Judge Keeley)

**TROOPER MOHR, JAMES, BONAZZA,
SPEECE, JOHN DOE #1, SHERIFF, JOHN DOE #2,
SHERIFF, SHERIFF, and STATE POLICE,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On April 29, 2013, the pro se plaintiff, Jeremy Scott Richards ("Richards"), filed a complaint alleging that the defendants had violated his civil rights. (Dkt. No. 1). In accordance with L.R. Civ. P. 72.01(d)(6), the Court referred this matter to United States Magistrate Judge John S. Kaull who, on April 29, 2013, notified Richards that this action would be dismissed unless he rectified the deficiencies in his complaint within twenty-one (21) days. (Dkt. No. 4). To date, Richards has filed no response.

On July 2, 2013, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that this action be dismissed without prejudice because Richards had failed to correct the deficiencies in his complaint and had not otherwise kept the Court apprised of his current mailing address.[1]

---

[1] The Clerk provided Richards with a Notice of General Guidelines For Appearing Pro Se in Federal Court on April 29, 2013. (Dkt. No. 3). The Notice directed Richards to keep the Court and opposing counsel, if any, advised of his most current address at all times, and warned explicitly

**RICHARDS v. TROOPER MOHR** **1:13CV129**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The R&R also specifically warned Richards that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on these issues. He did not file any objections.[2] Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 9), **DISMISSES** this case **WITHOUT PREJUDICE**, and **ORDERS** that it be stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: July 29, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

that "Failure to do so may result in your action being dismissed without prejudice." Nevertheless, several documents sent to Richard at the sole address for him on file, including the R&R itself, have returned as "undeliverable."

[2] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).